UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21829-GAYLES

**WALTER J. STANTON III, Esq.**,

      Plaintiff,

v.

**BERKLEY ASSURANCE COMPANY**, *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Berkley Assurance Company's ("Berkley") Motion to Lift the Stay and Dismiss Complaint ("Motion"), [ECF No. 33], which is joined by Defendant National Union Fire Insurance Company, [ECF No. 40], and Defendant Berkley Assurance Company's Motion to Strike [Plaintiff's] Unauthorized Sur-reply ("Motion to Strike"), [ECF No. 51]. Defendants move to dismiss Plaintiff's Complaint [ECF No. 1] with prejudice based on res judicata or claim preclusion. The Court has reviewed the Motion, Plaintiff's Response [ECF No. 36], Defendant's Reply [ECF No. 39], the Joint Status Report filed by Parties [ECF No. 42], the supporting exhibits, and the record in this case. For the following reasons, the Motion to Lift the Stay is **GRANTED**; the Motion to Dismiss is **DENIED**; and the Motion to Strike is **GRANTED**.[1]

Defendants argue in their Motion to Dismiss that a Louisiana District Court's summary judgment ruling (the "Louisiana Action") in favor of Berkley precludes Plaintiff's claims against

---

[1] The Court agrees with Plaintiff that Defendant's Notice of Supplemental Authority, [ECF No. 46], amounts to an impermissible sur-reply.

all Defendants here. Customarily, claim preclusion is an affirmative defense that should be raised under Rule 8(c), rather than a motion to dismiss. *See Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). "Nevertheless a party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Id.*; *see also Aning v. Fed. Nat'l Mortg. Ass'n*, 754 F. App'x 816, 818 (11th Cir. 2018).

In the Complaint, Plaintiff alleges that he was a nominal defendant in the Louisiana Action and, therefore, didn't have the ability to defend his interests. [ECF No. 1]. He also alleges that this case involves coverage for other lawsuits not litigated in the Louisiana Action and for coverage pursuant to an excess policy. *Id*. Defendants challenge those factual allegations and argue that Plaintiff was more than a nominal defendant in the Louisiana Action based on his active litigation in that case and his subsequent appeal.[2] [ECF No. 39 at 1-2]. Defendants also assert that the relevant policy is a subsequent, not excess, policy. [ECF No. 39 at 2].

Generally, a determination of whether a litigant was or was not a nominal defendant is not outcome determinative for claim preclusion. Rather, claim preclusion can even be used against non-parties "in privity" when their litigation interests are sufficiently "closely aligned" with the litigant. *See E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004) ("'Privity' is a flexible legal term, . . . applying when a person, although not a party, has his interest adequately represented by someone with the same interest who is a party."). As the

---

[2] In support of their argument, Defendants request that the Court take judicial notice of the docket and several filings in the Louisiana Action. But, as a general rule, a court may only take judicial notice of prior proceedings insofar as they are properly introduced into evidence. *Concordia*, 693 F.2d at 1076 ("As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.") (quoting *Guam Investment Co. v. Central Building, Inc*., 288 F.2d 19 (9th Cir. 1961)). The Court declines to take judicial notice of the entire docket in the Louisiana action, especially since the parties dispute the meaning and significance of various pleadings and other court documents, including the district court's order granting summary judgment. However, at summary judgment in this case, the Court may consider the docket and any relevant filings in the Louisiana Action if they are properly introduced by Defendants.

parties here dispute whether Plaintiff had a full and fair opportunity to litigate his interests in the Louisiana Action and the nature of the relevant policy, this Court cannot determine whether res judicata applies from the face of the Complaint. *See Concordia*, 693 F.2d at 1076–77 (finding that pleadings from a prior action were not sufficient to "satisfy the minimum requirement that the defense of res judicata appear from the face of the complaint"). This determination is best left for summary judgment.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Lift the Stay and Dismiss this Action with prejudice, [ECF Nos. 33, 40], is **GRANTED in part** and **DENIED in part**. Defendants' Motion to Lift the Stay is **GRANTED**. The stay ordered in this case is hereby lifted and the case shall be reopened. Defendants' Motion to Dismiss is **DENIED**.

2. Plaintiff's Motion to Strike Defendants Notice of Supplemental Authority, [ECF No. 51], is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record