UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WALTER J. STANTON III, ESQ.,

    Plaintiff,

vs.                                                           CASE NO: 1:20-cv-21829-DPG

BERKLEY ASSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
RAYMOND STAFFORD, BYRUM W.
TEEKELL and JUDSON GRAY TEEKELL,

    Defendants.
_____/

**BERKLEY ASSURANCE COMPANY'S MOTION TO TRANSFER AND
CONSOLIDATE THIS ACTION WITH THE FIRST FILED ACTION**

Defendant, BERKLEY ASSURANCE COMPANY ("Berkley and/or BAC"), pursuant to 28 U.S.C. § 1404(a), Fed. R. Civ. P. 42(a)(2) and in the interest of judicial and litigant economy, moves to transfer this action to the Western District of Louisiana where it can be consolidated with the first filed action in the United States District Court for the Western District of Louisiana, Case No. 17-0262 ("Louisiana Action"), and in support states:

**PROCEDURAL BACKGROUND AND PROCEEDINGS
IN THE LOUISIANA ACTION**

Between February 10, 2017 and September 27, 2022, RAYMOND STAFFORD ("Stafford"), WALTER J. STANTON ("Stanton"), Berkley, and NATIONAL UNION FIRE INSURANCE COMPANY ("AIG"), fully and extensively litigated the Louisiana Action. Like here, the issue was whether Berkley owed coverage for three related lawsuits against Stanton. Essentially, Stafford sued Stanton for damages from a failed investment in David deBerardinis's

("deBerardinis") alleged fuel trading business. Stafford alleged that Stanton convinced him to invest in deBerardinis's "risk free" investment, which turned out to be an $80,000,000 Ponzi scheme. Ultimately, it was exposed as a sham and Stafford was swindled out of millions of dollars.

As a result of the scheme, two other lawsuits were filed against deBerardinis, his entities, and Stanton. One action, *PlainsCapital Bank v. FR III Funding, LLC*, was filed in the District Court of Dallas, Texas, Case No. DC-16-07601 ("PlainsCapital action"). A second action, *Byrum W. Teekell, et. al. v. Walter J. Stanton, et. al.*, was filed in the First Judicial District, Caddo Parrish, Louisiana, Case Number 599295-A ("Teekell action").

National Union Fire Insurance Company of Pittsburg, PA ("AIG") issued a Professional Liability insurance policy to Stanton, Policy Number 019585111-02, effective January 9, 2016 to January 9, 2017. On December 14, 2016, Stanton reported the PlainsCapital action to National Union as a notice of a potential claim against him based on his involvement with deBerardinis and his entities. AIG correctly determined the PlainsCapital, Teekell, and Stafford actions are related and agreed to defend and indemnify Stanton.[1]

Berkley issued subsequent claims made and reported Professional Liability insurance policies to Stanton. Berkley agreed to investigate under a complete reservation of rights and later denied coverage.

In the Louisiana Action, after extensive discovery, Berkley moved for final summary judgment against Stafford and Stanton on grounds that Stafford's lawsuit was related to the PlainsCapital action and Teekell action, both of which were first made during AIG's policy

---

[1] AIG settled the Stafford action and PlainsCapital action, just not Teekell.

Page 2

period. Berkley also argued it did not owe coverage because prior to the inception of the Berkley policies, Stanton could reasonably foresee a claim might be made against him based on his intimate relationship with deBerardinis.

Before a ruling was issued on Berkley's dispositive motion, Stanton filed this duplicative action ("Second-filed Florida Action"). Berkley moved to dismiss the Second-filed Florida Action, but the motion was filed in the Louisiana Action. (DE 159.) In reaction, Stanton moved to dismiss the Louisiana Action. (DE 162.) On 03/01/2021, the court in the Louisiana Action denied both motions. (DE 237.) The district court explained it could not dismiss the Second-filed Florida Action. Instead, "the proper course of action is ordinarily for the second-filed court to transfer the case to the first-filed court. The first-filed court can then decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." (*Id.*, at 4.)

Since Berkley did not file a motion to transfer in the Second-filed Florida Action, the court was not able at the time to dismiss or transfer the Florida Action.

After nearly five years of litigation, on 09/27/2022, the district court in the Louisiana Action granted Berkley's motion for summary judgment and entered Final Judgment in its favor. (DE 293.)

Berkley moved to reopen the second-filed Florida action and to dismiss it. (DE 33.) On 03/27/2024, this Court denied Berkley's motion to dismiss, but it lifted the stay. (DE 57.)

Consistent with Chief Judge Hicks' Order from the Louisiana Action, Berkley moves to transfer the Second-filed Florida Action to the Western District of Louisiana and to consolidate it with the first-filed Louisiana Action. That district court is fully familiar with the related lawsuits against Stanton and the coverage issues under AIG's policy and Berkley's policies, having

already decided the threshold coverage issues. Moreover, Chief Judge Hicks presided over the criminal action in involving deBerardinis. The first-filed rule also weighs in favor of a transfer and consolidation.

## ARGUMENT AND CITATION OF AUTHORITY

**Standard For Transfer**

28 U.S.C. § 1404(a) authorizes a civil action be transferred to another district "[f]or the convenience of the parties and witnesses, in the interest of justice." The statute gives courts discretion to decide whether to transfer "according to an individualized, case-by-case consideration of convenience and fairness." *Clinton v. Sec. Benefit Life Ins.*, No. 19-24803, 2020 WL 6120565, at *1 (S.D. Fla. June 29, 2020). In deciding whether to transfer, courts embark on a two-part inquiry: "(1) whether the action might have been brought in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Id.* (citing *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001)).

The various factors include:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Trace-Wilco, Inc. v. Symantec*

*Corp.*, No. 08-80877-Civ, 2009 WL 455432, at *2 (S.D. Fla. Feb. 23, 2009).

**Standard for Consolidation**

Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may… (2) consolidate the actions…." "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted). The Eleventh Circuit has identified factors for courts to consider when determining whether to consolidate lawsuits, including:

> (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

*Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018).

A.  **Part One of the Inquiry Favors Transfer to the Western District of Louisiana.**

This duplicative action could have easily been filed in the Western District of Louisiana and consolidated with the Louisiana Action. The Louisiana Action included AIG, Berkley, Stanton, and Stafford as parties. Stanton moved to dismiss the Louisiana Action for improper venue, but the motion was denied. The Louisiana Court concluded that venue in the Western District of Louisiana was appropriate. (DE 62.) The court cited to an affidavit provided by Stafford detailing the substantial part of the events that occurred in the Western District of Louisiana, including Stanton's frequent travel to Shreveport and Stanton's role as the Secretary of deBerardinis's entity FR III ASC, LLC, located in Louisiana. *Id.*, at 8-11.

Stanton was at the helm of the failed investment by soliciting Stafford as an

>investor and orchestrating the drafting and execution of the necessary documents. Each step involved communications by Stanton to individuals within the Western District of Louisiana.

*Id.* at 12. Additionally, the Teekell defendants are citizens of Louisiana, which further shows that this action could have been brought in the Western District of Louisiana, including as a crossclaim against AIG and Berkley and third-party complaint against the Teekell parties in the Louisiana Action. (DE 1, ¶8-9.) Accordingly, Part One of the inquiry weighs in favor of transfer to the Western District of Louisiana.

### B. The Factors Under Part Two Favor Transfer to the Western District of Louisiana.

Transfer of this action to the Western District of Louisiana would be more convenient and in the interest of justice.

Factor 1 – the convenience of the witnesses, and Factor 5 – process to compel witnesses. "The most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." *Clinton v. Security Life Ins.*, No. 19-24803, 2020 WL 6120565, at *4 (S.D. Fla. June 29, 2020).

Some of the witnesses that will be deposed or subpoenaed include deBerardinis, a resident of Louisiana who is also serving his criminal sentence in Oakdale, Louisiana. deBerardinis's company, FR, is incorporated in Louisiana. The Teekell parties, which are residents of Louisiana. PlainsCapital Bank is in Texas and the Guarantors in the PlainsCapital Action are in Texas, which is geographically closer to Louisiana than Florida. Todd Muslow and Neil Umhafer are residents of Shreveport. FR III ASC, LLC is also believed to be incorporated in Louisiana. All these witnesses are expected to have information relevant to Berkley's prior knowledge, claims made, lack of professional legal services coverage defenses, as well as the

rescission count. These key witnesses are also expected to have information relevant to the Investment Advisor Exclusion. If this Court declines to transfer this action, that will substantially reduce the opportunity to evaluate live testimony. The convenience of witnesses weighs strongly in favor of transfer. *See Palm v. Taurus Int'l Mfg., Inc.*, No. 21cv23489, 2022 WL 18776091, at *3 (S.D. Fla. April 27, 2022); *Soliman v. Daimler AG*, No. 6:09cv00947, 2010 WL 11506980, at *6 (M.D. Fla. Jan. 22, 2010) (motion to transfer granted because several key witnesses lived in the transferor forum).

The Western District of Louisiana would be able to compel witnesses to appear for deposition as the witness would be located within 100 miles of where they reside or are located in Louisiana. *See* Fla. R. Civ. P. 45(b)(2). But this Court cannot. To the extent other witnesses could be deposed remotely, that too "tips in favor of transfer." *Clinton*, 2020 WL 6120565, at *4. Factors 1 and 5 accordingly weigh in favor of a transfer to the Western District of Louisiana where this action can then be consolidated with the Louisiana Action.

Factor 2 – the location of documents and sources of proof. Berkley will serve a request for production for documents relevant to its rescission count, the prior knowledge, claims made, lack of professional services coverage defenses, and the exclusions asserted in its counterclaim on the Teekell defendants and subpoenas to non-parties Muslow, Umhafer, FR, FR III, deBerardinis all of which will likely be located in Louisiana. Subpoenas will also be issued to PlainsCapital Bank and the Guarantors in that action. It is anticipated that those records are located in Texas, which again is closer to Louisiana than Florida. While Stanton's records might be located in Florida where his law firm Carney Stanton is located, that alone does not weigh in favor of denying a transfer. This factor weighs in favor of transfer.

Factor 3 – the convenience of the parties. The Louisiana parties include the Teekell defendants and Stafford. Berkley is an Arizona corporation, which is closer to Louisiana than Florida. Berkley also has local counsel in Louisiana. Stanton is from Florida, but he too had Louisiana counsel representing him in the Louisiana action. Accordingly, this factor weighs in favor of a transfer because it concerns the appearance of parties and their counsel at court. *See Trinity Christian Ctr. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1328 (M.D. Fla. 2010); *see also Am. Spirit & Cheer v. Varsity Brands, LLC*, No. 1:20-cv-03088, 2020 WL 81158, at *13 (N.D. Ga. Oct. 27, 2020) (the convenience of the parties factor "can favor transfer if the transferee district is home to several parties and the transferor court is home to few or none.").

Factor 4 – the locus of operative facts. "To determine the locus of operative facts, courts look to where the events from which the claim arises occurred." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 268 (D. Conn. 2012). deBerardinis and his companies, including FR and FR III are alleged to have committed the $80 Million Ponzi scheme from Louisiana. Several Louisiana investors were damaged by the Ponzi scheme and Stanton's role as an investment advisor/solicitor for deBerardinis including the Teekell parties. Moreover, the court in the Louisiana Action concluded that Staton had substantial contacts with Louisiana too, including negotiating loans, promissory notes, and other agreements for deBerardinis's fake oil trading business. Since the location of operative facts is a "key factor in determining a motion to transfer venue," this Court should find that Factor 4 weighs in favor of a transfer. *See Clinton*, 2020 WL 6120565, at *5 (citing *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1262 (N.D. Fla. 2019)).

Factor 6 – relative means of the parties. Berkley and Stanton litigated for nearly five years in the Louisiana Action (repeat in procedural history somewhere). Stanton is able to litigate

this duplicative action in the Western District of Louisiana. Stanton has been practicing law for over 43 years. There is no reason to believe he lacks the means to hire counsel in Louisiana, especially because the hourly rates are lower than in Miami. Litigating in Louisiana will also be more affordable for the Teekell parties and for Stafford as they reside in Louisiana. This factor weighs in favor of transfer.

Factor 7 – the forum's familiarity with the applicable law. This factor "is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004). There is a false conflict and, regardless, a district court in the Western District of Louisiana can easily apply Florida law to interpret Berkley's policy and find it does not owe coverage for the Teekell and PlainsCapital claims against Stanton. If necessary, it can also apply Florida law to determine that AIG's policy covers the Teekell claim. AIG already settled and defended Stanton against the PlainsCapital action so that issue is moot. "[D]istrict courts often have little trouble applying the law of other states." *Trans Am Worldwide, LLC v. JP Superior Sols.*, LLC, 2018 WL 3090394, at *10 (N.D. Fla. Apr. 30, 2018). Indeed, the court in the Louisiana Action applied Florida law and granted Berkley's motion for summary judgment. (DE 293.) This factor weighs in favor of a transfer.

Factor 8 – plaintiff's choice of forum. This second-filed action is the product of forum shopping by Stanton. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Stanton filed this action after losing several motions and an appeal in the Louisiana Action. Accordingly, this Court should ignore Stanton's choice of forum because it is outweighed by other considerations. *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382

F.3d 1097, 1101 (11th Cir. 2004) (noting that plaintiffs' choice of forum can be disregarded if the "balance is strongly in favor of the defendant.").

Further, "when the conduct at issue did not occur in plaintiff's chosen forum, courts also give less deference to a plaintiff's desired forum." *Clinton*, 2020 WL 6120565, at *8 (citing *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (noting that a "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum"). As detailed above, the conduct giving rise to the three related claims against Stanton occurred in Louisiana. That is where deBerardinis orchestrated the massive Ponzi scheme from. Louisiana is also where Stanton traveled to meet deBerardinis, Stafford, and other potential investors he was actively soliciting at the time. Factor 8 weighs in favor of a transfer to the Western District of Louisiana.

Factor 9 – trial efficiency and the interest of justice. This factor turns on "administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, the avoidance of unnecessary problems in conflict of laws or application of foreign law, and the unfairness in imposing jury duty on citizens in an unrelated forum." *Rothschild Connected Devices Innovations, LLC v. The Coca-Cola Co.*, 2016 WL 1546427, at *7 (S.D. Fla. Apr. 15, 2016). The Southern District of Florida "has one of the busiest dockets in the country…" *Clinton*, 2020 WL 6120565, at *9. It will therefore be more efficient for the coverage dispute to be decided in the Western District of Louisiana and to ultimately have this action consolidated with the first filed Louisiana Action. After all, Louisiana has an undeniable interest in deciding coverage for the related claims against Stanton, as they all involve deBerardinis's massive Ponzi scheme, and financial harm to several Louisiana residents such as the Teekells.

Page 10

Further, there is no conflict of law problem because Berkley's policies were issued and delivered in Florida. The Western District of Louisiana will apply Florida law in determining whether Berkley owes coverage. This is exactly what Chief Judge Hicks did in the Louisiana action.

The interest of justice tips in favor of a transfer. Stanton filed this action after litigating for years against Berkley in the Louisiana Action. The issues and parties are similar to the issues and parties in this action. Stanton should not be allowed to shop around for what he perceives to be a friendlier court than the Western District of Louisiana.

All the factors accordingly favor a transfer to the Western District of Louisiana. The Court should grant Berkley's motion under Section 1404(a). *See, e.g.*, *Louisiana Generating, LLC v. Ill. Union Ins. Co.*, No. 10-516, 2011 WL 443948 (M.D. La. Sept, 22, 2011) (holding that transfer from New York to Louisiana was proper because parties, witnesses, and evidence were located in Louisiana).

**C.  The Factors Favor Consolidation of this Duplicative Action With the first-filed Louisiana Action.**

The nearly-perfect overlap between the Louisiana Action and this Second-filed Florida Action is undeniable. AIG, Berkley, Stafford, and Stanton were parties in the Louisiana action. The issue was whether Berkley owed coverage for Stafford's claim against Stanton, which is related to the PlainsCapital claim that was first made during AIG's policy period, not Berkley's. The common questions of fact and law weigh in favor of consolidation.

Factor 1 – prejudice in proceeding separately, and Factor 3 – risk of inconsistent verdicts, favor consolidation. The court in the Louisiana Action already made findings of fact and entered final summary judgment in Berkley's favor on the duty to defend and duty to indemnify against Stafford's claim. There is no way for this Court to reconcile that ruling with a conclusion that

Berkley somehow owes coverage for the Teekell claim or PlainsCapital claim when those claims are also related and accordingly first made before Berkley's policies incepted. In other words, there is a risk of inconsistent verdicts unless this action is consolidated with the Louisiana Action.

Berkley and Stafford would suffer great prejudice in having to relitigate issues, facts, and law they spent 5 years litigating in the Louisiana Action. By way of example, Stanton refused to answer discovery insisting he did not have to produce documents to Berkley or testify because it implicated his "attorney-client privilege" with deBerardinis, the man that fleeced $80 Million from investors and lenders, and under the work-product doctrine. Berkley was able to overcome those arguments because Stanton was acting as investment advisor not as a lawyer. Berkley also relied on the crime fraud exception and a substantial need for the evidence. (DE 134; DE 135.)

It would be against litigant and judicial economy to have to relitigate these issues and others. Instead, the Florida Action should be consolidated with the Louisiana Action, limited discovery should be allowed followed by supplemental motions for summary judgment. Accordingly, Factors 1 and 3 weigh in favor of consolidation of these duplicative actions.

Factor 2 – confusion of facts or legal issues. The question of coverage is a legal issue, so this factor is neutral. "[T]here are far fewer reservations about consolidating these two actions for a bench trial than if they were to proceed before a jury. *Consumer Fin. Protection v. Ocwen Fin. Corp.*, No. 9:17cv80496, 2020 WL 2569319, at *4 (S.D. Fla. May 21, 2020).

Factor 4 – the burden on parties, witnesses, and the court and Factor 5 – the length of time and expense in conducting a separate trial, favor consolidation. Berkley, Stanton, and Stafford spent several years litigating discovery issues in the Louisiana action. Berkley spent a

significant amount of time and resources tracking down relevant documents from several non-parties. Thousands of documents were produced in response to Berkley's subpoenas and requests for production. It would be unfair for Berkley, the key witnesses, and Stafford to have to start discovery all over in this action. It took five years for the Louisiana Action to be resolved. Berkley, AIG, and Stafford should not have to spend another round of resources and effort litigating the same issues in this copycat lawsuit.

The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion…." *Consumer Fin.*, 2020 WL 2569319, at *4 (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Accordingly, this Court should allow consolidation of the Florida Action with the Louisiana Action.

## CONCLUSION

For all the reasons articulated in this motion, the Court should transfer this action to the Western District of Louisiana so Chief Judge Hicks can determine whether to consolidate it with the first-filed Louisiana action.

> Respectfully submitted,
>
> /s/MICHELE A. VARGAS
> **SINA BAHADORAN**
> Florida Bar No. 523364
> Sina.Bahadoran@Clydeco.us
> **MICHELE A. VARGAS**
> Florida Bar No. 686395
> Michele.Vargas@Clydeco.us
>
> CLYDE & CO US LLP
> 1221 Brickell Avenue, Suite 1600
> Miami, Florida 33131
> T: 305.446.2646

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2024, this document was filed via the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.